h GAUDIN, Judge.
This is an appeal by Executive Recruitment from a district court judgment stating that it was owed no fee after Thomas Schmidt was hired by Boston Scientific Corporation in February of 1991. Executive Recruitment contended that it had an oral contract with Boston Scientific and that Schmidt was hired as a result of this agreement. A jury found otherwise. We affirm.
For a valid contract to exist, the parties must be legally capable of contracting and their consent must be legally given. See Civil Code article 1779 and Morphy, Makof- *52 sky & Masson, Inc. v. Canal Place 2000, 538 So.2d 569 (La.1989).
Testimony at trial showed that Charles Wohltmann of Executive Recruitment did have two conversations with James Cesario, a Boston Scientific sales representative, once in late 1990 and again in early 1991. Cesario had no hiring authority, however, and he could neither contract nor enter into a job order arrangement on behalf of Boston Scientific.
The evidence further shows that Schmidt had declined two earlier job offers by Boston Scientific, in 1989 and 1990; and in late 1990, he (Schmidt) contacted Glenn McFarland, a friend employed by Boston Scientific. In January, 1991, Schmidt contacted Dick Cassi-dy, another friend working at Boston Scientific, and learned for the first time that Boston Scientific had a job opportunity in Birmingham. Schmidt contacted the national sales manager, Jay Sullivan, and the interviewing process began which led to Schmidt’s being hired.
RThe jury’s finding there was no oral contract between Executive Recruitment and Boston Scientific is fully supported by testimony of witnesses apparently found creditable. We see no error, certainly not manifest errors.
Executive Recruitment contends, in the alternative and in the absence of a binding contract, that it is nonetheless entitled to a quantum merit fee. The only efforts advanced by Executive Recruitment on behalf of Schmidt are the two conversations Wohlt-mann had with Cesario and one conversation Wohltmann had with Schmidt. It does not appear from the record that Executive Recruitment played even a very minor role in Schmidt’s being hired in February, 1991; consequently, the jury’s finding that a quantum merit payment would be inappropriate cannot be set aside.
We note that in the absence of a written contract between Executive Recruitment and Schmidt, Executive Recruitment was precluded from suing Schmidt. See LSA-R.S. 23:111(B)(3). Executive Recruitment could therefore only try to show the existence of an oral contract with Boston Scientific based primarily on the two Wohltmann-Cesario contacts.
Finally, we also note that Executive Recruitment assigned as district court error certain parts of the jury charge. At trial, there was no contemporaneous objection; on appeal, this issue was not discussed in appellant’s brief. We assume this assignment of error was abandoned.
Executive Recruitment is to bear costs of this appeal.
AFFIRMED.